# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JULIE A. GALPIN, | * | |
| | * | No. 17-588V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 11, 2022 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 13, 2021, petitioner Julie Galpin moved for final attorneys' fees and costs. She is awarded **$100,087.40**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On May 2, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received on August 26, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer a right shoulder injury related to vaccine administration. The parties filed a stipulation on August 3, 2021, which the undersigned adopted as his decision awarding compensation on August 4, 2021. 2021 WL 3674070 (Fed. Cl. Spec. Mstr. Aug. 4, 2021).

On August 13, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $79,980.20 and attorneys' costs of $21,317.23 for a total request of $101,297.43.[2] Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs or expenses to prosecute the petition in this case. Fees App. Ex. 4. On August 27, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on August 31, 2021, reiterating his belief that the requested fees and costs are reasonable.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.

---

[2] Petitioner's motion originally sought attorneys' costs of $18,438.60, yielding a total request of $98,418.80. On November 4, 2021, petitioner filed a motion to amend his fees motion, indicating that an invoice from petitioner's life care planner had been inadvertently omitted. Respondent did not oppose the request and the undersigned shall grant petitioner's motion to amend.

Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel: for Mr. Richard Moeller, $275.00 per hour for work performed in 2016-2017, $285.00 per hour for work performed in 2018, $300.00 per hour for work performed in 2019, $341.00 per hour for work performed in 2020, and $363.00 per hour for work performed in 2021; and for Ms. Nikki Nobbe, $180.00 per hour for work performed in 2016-2017, $190.00 per hour for work performed in 2018, $200.00 per hour for work performed in 2019, and $242.00 per hour for work performed in 2020. These rates are consistent with what counsel has previously been awarded by the undersigned and other special masters, and they shall be awarded herein. See, e.g., Zielinski v. Sec'y of Health & Human Servs., No. 18-1075V, 2021 WL 1115823, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); Hayward v. Sec'y of Health & Human Servs., No. 16-1539V, 2019 WL 960215 (Fed. Cl. Spec. Mstr. Feb. 1, 2019).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that the majority of the time billed is reasonable. Counsel has done a particularly good job with the level of detail of the billing entries, which has made it easier for the undersigned to assess their reasonableness. The only causes for reductions are some entries by the paralegals for paying for medical records and mailing documents (clerical/administrative tasks), and for time billed by Ms. Nobbe in preparing a motion for interim fees, even though no such motion was ever filed. Upon review, a reasonable reduction for these issues is $948.00. Petitioner is therefore awarded final attorneys' fees of $79,032.30.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $21,317.23 in costs, comprised of acquiring medical records, postage, the Court's filing fee, travel expenses for a deposition, and work performed by various experts and professionals. Fees App. Ex. 2 at 2-3. These costs shall be discussed in turn.

Petitioner requests $500.00 for the work of Dr. Jesse West, one of petitioner's treating physicians. Dr. West provided answers to a list of questions which were jointly prepared by the parties and submitted into the record on September 10, 2019. For this work, Dr. West billed a flat rate of $500.00. Similarly, petitioner requests $1,000.00 for the work of Dr. Charles Depaolo, also one of petitioner's treating physicians. Dr. Depaolo completed a questionnaire which was prepared by the life care planner and also billed a flat rate for his work. Respondent did not interpose any objection to these requested costs in his response. The undersigned has also reviewed these costs. Due, in part, to the lack of objection from respondent, and the undersigned's experience, the amounts are reasonable and shall be fully reimbursed.

Petitioner also requests a total of $3,762.50 for the work of Dr. Seth Jaffe, a board-certified orthopedist. Dr. Jaffe prepared two expert reports in this case. Dr.

Jaffe's invoices are somewhat unusual because although they describe in individual billing entries the work he performed and the total amount billed on each task, there is no hourly billing rate for Dr. Jaffe or any way to otherwise determine the amount of time he spent on each billed item. Nevertheless, the total amount billed for Dr. Jaffe's work is reasonable and shall be fully reimbursed.[3]

Finally, petitioner requests $12,409.09 for the work of Ms. Helen Woodard and an associate at ReEntry Rehabilitation Services for preparing a life care plan. Ms. Woodard's hourly rate of $225.00 has been approved previously on numerous occasions and the undersigned finds it to be reasonable here in. See, e.g., Schettl v. Sec'y of Health & Human Servs., No. 14-422V, 2022 WL 2912666, at *4 (Fed. Cl. Spec. Mstr. Jun. 30, 2022); Desai v. Sec'y of Health & Human Servs., No. 14-811V, 2018 WL 6819551, at *8 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). The hours billed are also reasonable. However, the undersigned notes that one aspect of the final bill is a $262.13 charge for interest on an overdue balance. Fees App. Supp., filed November 4, 2021, at 5. The Vaccine Program has consistently declined to reimburse interest accrued by petitioners. See Kleva v. Sec'y of Health & Human Servs., No. 17-749V, 2019 WL 2156432, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2019); Kollias v. Sec'y of Health & Human Servs., No. 16-868V, 2018 WL 6301793, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2018); Jeffries v. Sec'y of Health & Human Servs., No. 99-0670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (citing Library of Congress v. Shaw, 478 U.S. 310, 317 (1986) (finding that finance charges on an outstanding bill incurred by petitioner amounted to interest which, in the absence of a waiver of sovereign immunity, cannot be assessed against the United States.). Accordingly, petitioner is awarded $12,146.96 for the life care plan.

For the remainder of the costs, petitioner has provided adequate documentation supporting them and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $21,055.10.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a lump sum of **$100,087.40** (representing $79,032.30 in attorneys' fees and $21,055.10 in

---

[3] In the future, attorneys who retain Dr. Jaffe to perform expert work should instruct him to provide slightly more detail in his invoices. Either an hourly billing rate or the amount of time billed on each line item would have given the undersigned all the information necessary.

attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. Richard Moeller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.